## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mary Miller,

                            Plaintiff,                     COURT FILE NO. 10-cv-2198 MJD/JJK

v.                                                         **DEFENDANT'S MEMORANDUM IN
                                                            SUPPORT OF ITS MOTION TO
Rubin & Rothman LLC,                                        COMPEL DISCOVERY**

                            Defendant.


## INTRODUCTION

Defendant Rubin & Rothman, LLC ("R&R"), through counsel and pursuant to

Fed. R. Civ. P. 37 and L.R. 37.1, hereby moves to compel responses to the following

discovery requests from Plaintiff Mary Miller ("Plaintiff") as to date, Plaintiff has failed

to fully respond and discovery in this matter expires on April 1, 2011.

> 3.     All documents that you[1] received from Gurstel, Staloch & Chargo,
>        P.A.

> 4.     All documents you sent to Gurstel, Staloch & Chargo, P.A.

> 5.     All documents that refer or relate to the claims asserted in your
>        pleadings.

> 9.     All documents reflecting each and every time you have been allegedly
>        harmed by any debt collector or creditor in the past five years.

---

[1]   The term "you" and "your" is defined in R&R's  Requests for Production of Documents ("RFP") as "the party or parties to whom these interrogatories are directed and all other persons acting on behalf of such party, including but not limited to, attorneys and their associates, investigators, agents, employees, representatives or others who are in possession of or who may have obtained information for or on behalf of this answering party. *See R&R Requests for Production of Documents*, Aff. of Bedell ¶ 2, Ex. A.

14. All documents not otherwise requested herein which you may introduce at trial or at any deposition in this matter.

17. All statements relating to the allegations in this lawsuit and the underlying dispute that you have received from any source, whether it be a written, audio recorded, or video recorded statement.

19. All documents regarding any and all investigations you performed prior to the filing of your Complaint to ensure that the allegations contained therein were accurate, including the results of any investigations.

20. All documents that evidence, summarize, refer, or relate to your claim of damages due to the alleged acts or omissions of Defendant.

21. All documents that evidence, summarize, refer, or relate to any claim of actual damages or out-of-pocket expenses which you are claiming you incurred as a result of the alleged actions or omissions of Defendant, if any.

24. All documents regarding any other civil action(s) involving you as a plaintiff or defendant, if any.

25. All documents you sent to any creditor or debt collector from 2008 to the present.

*See R&R Requests for Production of Documents, Aff. of Bedell ¶ 2, Ex. A.*

During Plaintiff's deposition, it was discovered that Plaintiff and Plaintiff's counsel were in possession of the following documents responsive to these requests but had not been disclosed to R&R to date:

1. Copies of all of Plaintiff's credit reports, including the Trimerge credit report received by her bank in 2009 (which are responsive to RFP Nos. 5, 11, 12, 14, 19);

2. Copies of written correspondence with Experian Information Solutions, LLC (which is responsive to RFP No.'s 5, 14, 19, 24);

3. Copies of written correspondence with Trans Union (which is responsive to RFP No.'s 5, 14, 19, 24);

4.      Copies of written correspondence with Equifax (which is responsive to RFP No.'s 5, 14, 19, 24);

5.      Copies of written correspondence with Gurstel, Staloch & Chargo, P.A., other than the letters dated May 1, 2009 and June 4, 2009 (which is responsive to RFP No.'s 3-5, 9, 14, 19, 24);

6.      Copies of written correspondence with CSC Credit Services, Inc. (which is responsive to RFP No.'s 5, 14, 19, 24);

7.      Copies of written correspondence with LexisNexis Risk Information Analytics Group, Inc. (which is responsive to RFP No.'s 5, 14, 19, 24);

8.      Copies of Plaintiff's discovery responses to Experian Information Solutions, LLC's written discovery requests in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.) (which are responsive to RFP No.'s 5, 14, 20, 21, 24)

9.      Copy of the transcript of Plaintiff's deposition in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.) (which is responsive to RFP No.'s 5, 14, 17, 20, 21, 24);

10.     Copies of Plaintiff's discovery responses to Gurstel, Staloch & Chargo, P.A.'s written discovery requests in the lawsuit *Mary Miller v. Gurstel, Staloch & Chargo, P.A.*, 10-cv-00183 (D. Minn.) (which are responsive to RFP No.'s 3-5, 9, 14, 20, 21, 24, 25);

11.     Copy of the transcript of Plaintiff's deposition in the lawsuit *Mary Miller v. Gurstel, Staloch & Chargo, P.A.*, 10-cv-00183 (D. Minn.) (which is responsive to RFP No.'s 3-5, 9, 14, 17, 20, 21, 24, 25);

12.     Copy of the settlement agreement between Plaintiff and Experian Information Solutions, Inc., CSC Credit Services, Inc. and LexisNexis Risk & Information Analytics Group, Inc. in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.) (which is responsive to RFP No.'s 5, 14, 20, 21, 24).

*See Pl. Depo[2] p. 19:19 – 20:2, 29:8- 30:9, 30:16 – 31:14, 35:13 – 35:17, 51:22 – 52:25, 60:18 –61:21, 62:17 – 64:7, 68:1 – 69:19, and 115:9 – 115:2*, Aff. of Bedell ¶ 5, Ex. D.

As such, R&R respectfully request that Plaintiff be compelled to produce the above-referenced documents and that Plaintiff be ordered to pay R&R's costs and attorney fees incurred in bringing the present motion.

## **CERTIFICATION**

On May 30, 2010, at approximately 2:00 p.m., Trista M. Roy, counsel for Plaintiff and James R. Bedell, counsel for R&R, conferred in person in good faith regarding Plaintiff's deficient discovery responses.  Aff. of Bedell ¶ 6.  During the discussion, Ms. Roy asserted that the above documents referenced by Plaintiff were not relevant, not responsive to the R&R's discovery requests and some documents were privileged.  *Id.* However, at the conclusion of the conference, Mr. Bedell understood that Ms. Roy agreed to provide the above documents by 5:00 p.m. on March 31, 2011, with the exception of (1) copies of Plaintiff's discovery responses to Experian Information Solutions, LLC's written discovery requests and (2) a copy of the settlement agreement between Plaintiff and Experian Information Solutions, Inc., CSC Credit Services, Inc. and LexisNexis Risk & Information Analytics Group, Inc. in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.), as these documents were claimed to be confidential as a protective order was in place in that lawsuit and the terms of the settlement agreement were confidential.  *Id.*

---

[2]   As a Protective Order has been entered in this matter and Plaintiff has not yet had an opportunity to designate which portions of the deposition she deems to be confidential, the transcript of Plaintiff's deposition is being filed under seal.

On May 31, 2010, during the early afternoon, Mr. Bedell and Ms. Roy exchanged e-mails following up on their discussions the day before and reiterating the identity of the above documents that R&R sought for production and the RFP's to which R&R believed that each document was responsive.  *Id.* at ¶ 7.

As of the filing of this Memorandum, none of the documents identified above have been provided to R&R's counsel.  *Id.* at ¶ 8. Moreover, Plaintiff has never sent to R&R's counsel a privilege log setting forth the specific documents that the privilege is claimed or the basis for any privilege.  *Id.*

## **FACTS**

### I.    **PLAINTIFF'S LAWSUITS**

On May 28, 2010, Plaintiff commenced the instant matter against R&R alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* surrounding R&R's alleged access and use of Plaintiff's Experian credit report.  *See Pl. Compl.* (Doc. No. 1). Specifically, Plaintiff asserts that a Capital One credit card account ending in 4362 ("Account") was placed with R&R for collection and the Account belonged to a different Mary Miller.  *Id.* at ¶¶ 4-7.  Plaintiff further asserts that R&R obtained a judgment in New York on the Account, impermissibly obtained her Experian credit report and impermissibly used her Experian credit report as the judgment on the Account was docketed in Minnesota against Plaintiff by Gurstel, Staloch & Chargo, P.A ("Gurstel"). *Id.* at ¶¶ 4-20, *see also Plaintiff's Initial Discl.*, Aff. of Bedell ¶ 4, Ex. C.  In Plaintiff's Complaint, Plaintiff also alleged that she suffered out-of-pocket expenses, detriment to

her credit rating and emotional distress resulting from the acts or omissions of R&R.  *Id.* at ¶ 18.

However, prior to filing her Complaint in this matter, Plaintiff commenced two lawsuits with respect to the Account and the New York judgment obtained by R&R thereon.

On October 2, 2009, Plaintiff commenced a lawsuit against Experian Information Solutions, Inc., CSC Credit Services Inc. and LexisNexis Risk & Information Analytics Group Inc. alleging that these entities violated the FCRA and defamed Plaintiff by allegedly mixing or mismerging the information on plaintiff's credit reports with that of another Mary Miller.  *See Compl. in Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.) (Doc. 1).   One of the credit entries that Plaintiff claimed was incorrect and based her claims on was the New York judgment on the Account at issue in this matter.   *Id.* Moreover, Plaintiff claimed that she suffered out-of-pocket loss, detriment to her credit rating and emotional distress resulting from the acts or omissions of the defendants. *Id.* This lawsuit subsequently was settled between the parties and the Court issued an Order of Dismissal on August 23, 2010.  *Id.* (Doc. 69).

On January 22, 2010, Plaintiff commenced a lawsuit against Gurstel alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* arising out of the docketing and collection in Minnesota of the New York judgment relating to the Account.  *See Compl. in Mary Miller v. Gurstel, Staloch & Chargo, P.A.*, 10-cv-00183 (D. Minn.) (Doc. 1).   In her Complaint against Gurstel, Plaintiff again alleged that she suffered emotional distress resulting from the acts or omissions of the

defendant. *Id.* According to the docket, this lawsuit is still pending. *See Docket in Mary Miller v. Gurstel, Staloch & Chargo, P.A.*, 10-cv-00183 (D. Minn.).

## II.   PLAINTIFF'S DISCOVERY RESPONSES

On October 5, 2010, the Court issued its Pretrial Scheduling Order setting forth that fact discovery shall be completed on or before April 1, 2011. (Doc. 6)

On February 22, 2011, R&R served Plaintiff with interrogatories, requests for production of documents, and requests for admissions (hereafter "R&R discovery requests") via first class mail. Aff. of Bedell ¶ 2, Ex. A.

On March 22, 2011, R&R received Plaintiff's responses to R&R's discovery requests. *Id.* at ¶ 3, Ex. B. Plaintiff's responses to R&R requests for production of documents stated, in relevant part that:

    3.     All documents you received from Gurstel, Staloch & Chargo, P.A.

         **Response: See attached document production.**

    4.     All documents you sent to Gurstel, Staloch & Chargo, P.A.

         **Response: None.**

    5.  All documents that refer or relate to the claims asserted in your pleadings.

         **Response: See Plaintiff's Rule 26a(1) Disclosures.**

    9.  All documents reflecting each and every time you have been allegedly harmed by any debt collector or creditor in the past five years.

         **Response: Plaintiff objects to this request as harassing, burdensome and not reasonably calculated to the production of admissible evidence.**

14.    All documents not otherwise requested herein which you may introduce at trial or at any deposition in this matter.

**Response: Discovery continues.**

17.    All statements relating to the allegations in this lawsuit and the underlying dispute that you have received from any source, whether it be a written, audio recorded, or video recorded statement.

**Response: None.**

19.    All documents regarding any and all investigations you performed prior to the filing of your Complaint to ensure that the allegations contained therein were accurate, including the results of any investigations.

**Response: See plaintiff's complaint.**

20.    All documents that evidence, summarize, refer, or relate to your claim of damages due to the alleged acts or omissions of Defendant.

**Response: None.**

21.    All documents that evidence, summarize, refer, or relate to any claim of actual damages or out-of-pocket expenses which you are claiming you incurred as a result of the alleged actions or omissions of Defendant, if any.

**Response: None.**

24.    All documents regarding any other civil action(s) involving you as a plaintiff or defendant, if any.

**Response: See Pacer for other complaints Plaintiff has filed in the District of Minnesota.**

25.    All documents you sent to any creditor or debt collector from 2008 to the present.

**Response: Plaintiff objects to this request as harassing, burdensome and not reasonably calculated to the production of admissible evidence.**

*See id.*

On March 30, 2011, Plaintiff was deposed by R&R's counsel.  During Plaintiff's deposition testimony, Plaintiff testified that she and her attorney were in possession of the following documents which had not been produced:

1. Copies of all of Plaintiff's credit reports, including the Trimerge credit report received by her bank in 2009;

2. Copies of written correspondence with Experian Information Solutions, LLC;

3. Copies of written correspondence with Trans Union;

4. Copies of written correspondence with Equifax;

5. Copies of written correspondence with Gurstel, Staloch & Chargo, P.A., other than the letters dated May 1, 2009 and June 4, 2009;

6. Copies of written correspondence with CSC Credit Services, Inc.;

7. Copies of written correspondence with LexisNexis Risk Information Analytics Group, Inc.;

8. Copies of Plaintiff's discovery responses to Experian Information Solutions, LLC's written discovery requests in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.);

9. Copy of the transcript of Plaintiff's deposition in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.);

10. Copies of Plaintiff's discovery responses to Gurstel, Staloch & Chargo, P.A.'s written discovery requests in the lawsuit *Mary Miller v. Gurstel, Staloch & Chargo, P.A.*, 10-cv-00183 (D. Minn.);

11. Copy of the transcript of Plaintiff's deposition in the lawsuit *Mary Miller v. Gurstel, Staloch & Chargo, P.A.*, 10-cv-00183 (D. Minn.); and

12. Copy of the settlement agreement between Plaintiff and Experian Information Solutions, Inc., CSC Credit Services, Inc. and LexisNexis Risk & Information Analytics Group, Inc. in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.).

*See Pl. Depo[3] p. 19:19 – 20:2, 29:8- 30:9, 30:16 – 31:14, 35:13 – 35:17, 51:22 – 52:25,*

*60:18 –61:21, 62:17 – 64:7, 68:1 – 69:19, and 115:9 – 115:2*, Aff. of Bedell ¶ 5, Ex. D.

After Plaintiff's deposition, counsel for the parties met in person and conferred in good faith regarding the documents referenced by Plaintiff in her deposition and her discovery responses. Aff. of Bedell ¶ 6. During the discussion, Ms. Roy asserted that the above documents referenced by Plaintiff were not relevant and privileged. *Id.* However, at the conclusion on the conference, Mr. Bedell understood that Ms. Roy agreed to provide the above documents by 5:00 p.m. on March 31, 2011, with the exception of (1) copies of Plaintiff's discovery responses to Experian Information Solutions, LLC's written discovery requests and (2) a copy of the settlement agreement between Plaintiff and Experian Information Solutions, Inc., CSC Credit Services, Inc. and LexisNexis Risk & Information Analytics Group, Inc. in the lawsuit *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.), as these documents were confidential. *Id.*

As of the filing of this memorandum, none of the documents identified above have been provided to R&R's counsel. *Id.* at ¶ 7. Moreover, Plaintiff has never sent to R&R's counsel a privilege log setting forth the specific documents that the privilege is claimed or the basis for any privilege. *Id.*

## LEGAL AUTHORITY

Rule 26 of the Federal Rules of Civil Procedure provides for broad discovery and sets forth that "[p]arties may obtain discovery regarding any matter, not privileged, that is

---

[3]   As a Protective Order has been entered in this matter and Plaintiff has not yet had an opportunity to designate which portions of the deposition she deems to be confidential, the transcript of Plaintiff's deposition is being filed under seal.

relevant to the claim or defense of any party . . ."  Fed. R. Civ. P. 26(b)(1); *see also*

*Minniecheske v. Gudmanson*, 151 F.R.D. 107, 108 (E.D. Wis. 1993).  Moreover, Rule 26

also provides that:

**(5) Claiming Privilege or Protecting Trial- Preparation Materials.**

(A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
(i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).

If a party fails to comply with requests for production or to answer interrogatories,

the party seeking discovery may move to compel discovery or disclosure. Fed. R. Civ. P.

37(a)(1).  The motion must include a certification that the movant made a good faith

effort to confer with the non-complying party.  *Id.*  Moreover, Local Rule 37.2 provides

that any motion filed pursuant to Fed. R. Civ. P. 37 shall include, (a) a specification of

the discovery in dispute, (b) a verbatim recitation of each interrogatory, request, answer,

response, and objection which is the subject of the motion or a copy of the actual

discovery document which is the subject of the motion, and (c) a concise recitation of

why the response or objection is improper.  Loc. Rule 37.2.

If the Court finds that a party faltered in its discovery obligations, the Court has

the discretion, under Rule 37(a), to compel appropriate discovery responses.  Fed. R. Civ.

P. 37(a)(1); *see Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th

Cir. 1984).  Rule 37(a) provides that the Court may assess the expenses of the moving party to other party.  Fed. R. Civ. P. 37(a)(5).  The Court "must" require the party whose conduct necessitated the motion to pay to the moving party's reasonable expenses incurred in obtaining the order, including attorney fees, unless the movant filed the motion before attempting to confer, the opposing party's failure to respond was justified, or other circumstances make such an award unjust.  *Id.*

## ARGUMENT

### I.   PLAINTIFF SHOULD BE COMPELLED TO PRODUCE THE DOCUMENTS REFERENCED ABOVE.

Contrary to Plaintiff's assertions, the documents sought by R&R are relevant to the matters at issue in this case and were requested in R&R's requests for production of documents.  Moreover, several of the documents sought are not privileged and Plaintiff has failed to present a privilege log identifying any documents as such.

### A.   The Documents Sought By R&R Are Relevant.

Documents are relevant if they constitute "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Documents with respect to Plaintiff's credit reports, communications with consumer reporting agencies and discovery documents with respect to Plaintiff's lawsuits against Experian and Gurstel, are certainly relevant to the claims at issue in this matter as all of these documents relate to the Account at issue in this matter, the New York judgment obtained by R&R, the reliability of the information allegedly obtained and used

by R&R.  Moreover, these documents are also relevant to the issue of Plaintiff's alleged damages as she has alleged the very same damages in her three lawsuits.  Indeed, this is also why the settlement agreement in the *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.) is also as based on plaintiff's allegations, she may have already been compensated for any alleged actual damages arising out of the alleged acts or omissions of R&R.

## B.      The Documents Sought By R&R Are Responsive.

Moreover, the documents sought by R&R are also responsive to its requests for production of documents for the following reasons:

(a)      RFP Nos. 3 and 4 seek documents Plaintiff and her counsel sent to or received form Gurstel.  As such, copies of written correspondence between Plaintiff and Gurstel, copies of Plaintiff's discovery responses in the lawsuit against Gurstel and a copy of the transcript of Plaintiff's deposition in the lawsuit against Gurstel are certainly responsive to these requests.

(b)      RFP No. 5, 14 and 24 all seek documents related to Plaintiff's claims asserted in her pleadings, any documents Plaintiff introduce at trial or any deposition, and documents regarding any other civil actions involving Plaintiff.  Certainly Plaintiff's communications with and discovery conducted with the consumer reporting agencies and Gurstel are related to Plaintiff's claims, may be introduced and relate to other actions filed by Plaintiff as they all relate to the Account, the Judgment obtained by R&R on the Account and the information on Plaintiff's credit report.  Moreover, the settlement

agreement in the *Mary Miller v. Experian Information Solutions, et al.*, 09-cv-02728 (D. Minn.) is also responsive to these requests as it relates to Plaintiff's claim of damages.

(c)     RFP No. 9 and 25 seek all documents relating to each time that Plaintiff has been harmed by any debt collector or creditor.   Plaintiff has filed one lawsuit alleging harm by Gurstel and two others regarding the harm caused by the Account.   As such correspondence with and discovery obtained regarding these two entities is responsive to this request.

(d)     RFP No. 17 seeks all statements relating to the allegations in her instant lawsuit against R&R *and the underlying dispute*.   Transcripts of Plaintiff's depositions in the other two lawsuits would certainly qualify as statements related to the underlying dispute, which is the information appearing on Plaintiff's credit report.

(e)     RFP No. 19 relates all documents regarding any investigations that Plaintiff performed to ensure that the allegations in her Complaint were accurate and the results of any investigations.   Certainly, Plaintiff's written communications with the consumer reporting agencies and Gurstel relate to Plaintiff's attempts to ascertain R&R and its role in the Account and obtaining a judgment in New York regarding the same.

(f)     RFP Nos. 20 and 21 relate to all documents evidencing, referring or relating to Plaintiff's claims of damages.   Again, Plaintiff's communications and lawsuits against the consumer reporting agencies and Gurstel relate to Plaintiff's claim of damages as Plaintiff is asserting the same damages in all three lawsuits.

## C.     Many of the Documents Sought By R&R Are Not Privileged.

While Plaintiff has not specifically set forth the basis that the documents sought by R&R are privileged as no privilege log has been produced allowing R&R to assess the claim of privilege, it assumes that Plaintiff is asserting that the documents sought are privileged on the basis of attorney-client privilege.  However, the attorney-client privilege extends to confidential disclosures made by a client to an attorney in order to obtain legal assistance. *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 1577, 48 L.Ed.2d 39 (1976).  In the instant matter, R&R is not seeking confidential disclosures between Plaintiff and her counsel, only communications to third parties, namely the consumer reporting agencies and Gurstel.  Regardless, to the extent that the Court deems any document requested by R&R is indeed covered by any privilege, R&R respectfully requests to the Court to compel plaintiff to identify the specific documents and the claimed privilege in a privilege log so that R&R may ascertain whether the documents are indeed privileged.

## II.     PLAINTIFF SHOULD PAY R&R'S FEES AND COSTS.

Rule 37 of the Federal Rules of Civil Procedure applies when a party fails to respond to discovery.  Under Rule 37(a), a party may apply for an order compelling discovery responses. Fed. R. Civ. P. 37(a).  Under this rule, the Court "must" require the party whose conduct necessitated the motion to pay to the moving party's reasonable expenses incurred in obtaining the order, including attorney fees, unless the movant filed the motion seeking fees before attempting to obtain the disclosure without court action, Plaintiff's nondisclosure was justified, or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5).  Because Plaintiff has failed to provide sufficient

responses to R&R's RFP's as required by the Federal Rules, R&R has attempted in good faith to obtain the disclosure without court action, and Plaintiff has failed to respond or provide any justification for her nondisclosure, the Court should award to R&R its reasonable attorney fees and costs incurred in bringing the instant motion.

## CONCLUSION

As Plaintiff has failed to sufficiently respond to R&R's requests for production of documents, R&R respectfully request that the Court issue an order compelling Plaintiff to respond to R&R's requests for production, or alternatively a privilege log, within ten days of the Court's Order.  Further, R&R requests that the Court order Plaintiff to pay its reasonable attorney fees and costs incurred in bringing this motion.

Dated:  April 1, 2011      MOSS & BARNETT
            A Professional Association


            s/ James R. Bedell
            Michael S. Poncin (Minn. Bar #296417)
            James R. Bedell (Minn. Bar #351544
            4800 Wells Fargo Center
            90 South Seventh Street
            Minneapolis, Minnesota 55402
            (612) 877-5000
            Fax:  (612) 877-5999
            poncinm@moss-barnett.com
            bedellj@moss-barnett.com
            *Attorneys for Rubin & Rothman, LLC*