UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary Miller,

          Plaintiff,

v.

Rubin & Rothman, LLC,

          Defendant.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 10-2198 (MJD/JJK)

Trista M. Roy and Thomas J. Lyons, Consumer Justice Center, PA, Counsel for Plaintiff.

James R. Bedell and Michael S. Poncin, Moss & Barnett, PA, Counsel for Defendant.

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment as to Liability [Docket No. 27] and Defendant's Motion for Summary Judgment [Docket No. 33].  Oral argument was heard Friday, August 12, 2011.  For the reasons articulated below, the Court will grant Defendant's motion and deny Plaintiff's motion.

## II.  FACTUAL BACKGROUND

1

### A. Rubin & Rothman Credit Report Pulls

On April 4, 2008, Rubin & Rothman, LLC ("Defendant"), a debt collection law firm based in New York, received a Capital One credit card account, with an account number ending in 4362, for collection ("4362 Account"). The credit card account belonged to a Mary Miller ("Debtor Mary Miller") residing at 113 Christopher Street, New York, NY 10014, listing a social security number ending in 9767, a year of birth of 1946, and a phone number with a 763 area code. On May 14, 2008, an employee at Defendant spoke with a Mary Miller ("Plaintiff") at the 763 area code number, who responded that she did not live in New York and that her social security did not match that of the 4362 Account. At this time Defendant removed this number from its file for the 4362 Account.

On June 5, 2008, Defendant initiated a collection action against Debtor Mary Miller in relation to the 4362 Account, and service was perfected at the 113 Christopher Street address in New York. On June 12, 2008, a collector at Defendant electronically requested from Experian a consumer report for the Debtor Mary Miller to acquire a new telephone number. Defendant requested the report using the Debtor Mary Miller's name, social security number ending in 9767, her New York address, and year of birth of 1946. The report received in

return by Defendant contained mixed information, including Plaintiff's home address, social security number and former employers, as well as information about Debtor Mary Miller. In particular, the report listed three social security numbers. The only action Defendant took at this time was to load a telephone number with a 212 area code into its system. Defendant made several attempts to contact Debtor Mary Miller at the number with no success. On October 9, 2008, Defendant received notice that it had obtained a default judgment on the 4362 Account against Debtor Mary Miller.

On August 27, 2008, Defendant received a Capital One credit card account for collection with an account number ending in 2995 ("2995 Account"). The account belonged to Debtor Mary Miller with a listed address of 113 Christopher Street, New York, NY 10014, a social security number ending in 9767, a year of birth of 1946, and two phone numbers with a 212 area code. On September 30, 2008, Defendant issued a summons and complaint to Debtor Mary Miller at 113 Christopher Street to collect on the 2995 Account. On October 17, 2008, Defendant received notice that service of the summons and complaint had failed. A note in the file relating to the attempted service of the summons and complaint stated "not known need apt. no." Defendant's managing partner Keith Rothman

stated this likely means that the process server was unable to execute service because they lacked an apartment number for the address and the people the process server spoke with did not know the Debtor Mary Miller at this address.

On October 10, 2008, Defendant made a second electronic request to obtain a consumer report from Experian on the Debtor Mary Miller, this time to ascertain her sources of income. This request also consisted of submitting Debtor Mary Miller's name, social security number ending in 9767, her New York address, and year of birth of 1946. The report received in return by Defendant again contained information on the Plaintiff, including her home address, social security number and former employers, as well as information on the Debtor Mary Miller. Again, the report listed three social security numbers.

On October 18, 2008, Defendant made a third electronic request to obtain a consumer report from Experian on the Debtor Mary Miller, this time to ascertain a new address. This request again consisted of submitting Debtor Mary Miller's name, social security number ending in 9767, her New York address, and year of birth of 1946. The report received in return by Defendant again contained mixed information on Plaintiff, including her home address, social security number and former employers, as well as information about the Debtor Mary Miller. Once

again, the report listed three social security numbers.  In addition to the New York address, the report listed 225 Moonlite Drive, Circle Pines, MN 55014 as an address.  The two addresses showed periods of residency of overlap.  Defendant sent a registered letter to the post office to confirm whether a Mary Miller received mail at the Minnesota address and received a positive response.  Plaintiff lives at 225 Moonlite Drive, Circle Pines, MN 55014 and has resided there regularly since 1994.

On approximately November 14, 2008, having received confirmation on the Minnesota address, Defendant ceased all collection activity with respect to the 4362 and 2995 Accounts, closed its files and transferred them to National Attorney Network, a third-party company that Capital One uses to route account files to collection firm attorneys.  After the files were transferred to collection attorneys located in Minnesota, Plaintiff experienced a debt collection judgment against her, a garnishment summons against her bank account, and other damage to her credit history.

### B.  Procedural History

On May 28, 2010, Plaintiff filed a one count Complaint to commence this action [Docket No. 1].  The Complaint alleges that Defendant lacked a

permissible purpose to access Plaintiff's credit information when it obtained the consumer reports from Experian on June 12, October 10, and October 18, 2008, in violation of the Fair Credit Reporting Act ("FCRA").  On May 17, 2011, Plaintiff filed a Motion for Partial Summary Judgment as to Liability [Docket No. 27].  On June 7, 2011, Defendant filed a Motion for Summary Judgment [Docket No. 33].

### III.   DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion."  Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994) (citation omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Factual disputes that are irrelevant or unnecessary will not be counted. Id.  "[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

### B.  Permissible Purpose under the FCRA

The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ."  15 U.S.C 1681(b). Although the stated purpose only references consumer reporting agencies, the FCRA also protects consumers from any "person" who obtains or uses a consumer report for an impermissible purpose.  15 U.S.C. § 1681b(f); see also Phillips v. Grendahl, 312 F.3d 357, 363-64 (8th Cir. 2002), abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).  Specifically, the statute states that "A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the

7

consumer report is authorized to be furnished under this section. . . .  15 U.S.C. § 1681b(f).  Title 15 U.S.C. § 1681b(a) provides a list of permissible purposes for which a consumer report may be furnished.  In particular, this section provides:

> (a) Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> ***
>
> (3) To a person which it has reason to believe—
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . .

15 U.S.C. § 1681b(a)(3)(A).

In order to succeed on her claim, Plaintiff must establish that Defendant lacked a permissible purpose.  Phillips, 312 F.3d at 364.  "Whether a permissible purpose existed is a question of law."  Breese v. TRIADvantage Credit Servs., Inc., 393 F. Supp. 2d 819, 821 (D. Minn. 2005) (citation omitted).  "[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA."  Korotki v. Attorney Servs. Corp., Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996), cited in Beckstrom v. Direct Merchant's Credit Card Bank, No. Civ. 04-1351 ADM/RLE, 2005 WL 1869107, at

8

*3 (D. Minn. Aug. 5, 2005). "Mere passive receipt of the report would not be enough to satisfy the statutory element that [a defendant] 'use or obtain' a consumer report." Phillips, 312 F.3d at 367. Additionally, other courts have noted that "the plain language of the statute [15 U.S.C § 1681b(a)(3)] focuses on the *intent* of the party obtaining the consumer report." Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (emphasis in original). Moreover, "the FCRA is not violated if the entity seeking the credit report made a good faith error in pulling the report." Beckstrom, 2005 WL 1869107, at *3 (citing Korotki, 931 F. Supp. at 1276).

Plaintiff asserts that Defendant violated 15 U.S.C. § 1681b(f) by obtaining and using her consumer report without having a permissible purpose. Plaintiff contends that credit information on the pulled consumer report was obviously mixed, and that Defendant should have known that it was not obtaining information exclusively on the Debtor Mary Miller, but rather on Plaintiff as well, for which it did not have a permissible purpose. Plaintiff contends that since the pulled consumer report was noticeably unreliable, Defendant could not have reasonably believed the information it obtained was exclusively that of

Debtor Mary Miller or that it had a permissible purpose to obtain such other information.

Contrary to Plaintiff's assertions, every pull of the consumer report was made with a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A). On June 12, 2008, Defendant pulled the consumer report in order to acquire a new telephone number for Debtor Mary Miller. On October 10, 2008, Defendant pulled the consumer report to ascertain Debtor Mary Miller's sources of income. On October 18, 2008, Defendant pulled the consumer report in order to find a new address for Debtor Mary Miller, and Plaintiff has presented no evidence to the contrary. Every time Defendant obtained the consumer reports, it provided the credit reporting agency only with the information of the Debtor Mary Miller. Furthermore, every time Defendant pulled the consumer reports it intended to obtain and use them in an effort to collect on the debts owed by Debtor Mary Miller. In this circumstance, Defendant had a reason to believe that pulling the consumer reports in question would aid it in its debt collection efforts in relation to the 4362 and 2995 Accounts. Accordingly, Defendant had a permissible purpose every time it obtained the consumer reports. Although the consumer reports contained some of Plaintiff's information, Defendant was not in control

of the information which was disseminated to it, rather it used only Debtor Mary Miller's information to request a consumer report in order to aid in its efforts to collect the debt owed by Debtor Mary Miller.  Any information obtained about Plaintiff was obtained passively, not actively.  See Phillips, 312 F.3d at 367 ("Mere passive receipt of the report would not be enough to satisfy the statutory element that [defendant] 'use or obtain' a consumer report.").

Other courts examining the FCRA have found that in cases where defendants have made a good faith mistake in pulling a consumer report there is no violation of the FCRA.  Beckstrom, 2005 WL 1869107, at *3. (holding that there was no violation of the FCRA although it was later found out that the account in question did not belong to the plaintiff, because the defendant pulled plaintiff's report for a permissible purpose since it "had reason to believe that Plaintiff had defaulted on the 6269 account," and pulled his credit report in relation to its collection efforts); see also  Trikas v. Universal Card Services Corp., 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (finding that defendant did not violate the FCRA when pulling plaintiff's report, despite the fact that plaintiff's account should have been closed, because "the intention behind the Bank's periodic requests for Plaintiff's consumer report was merely to review his account, albeit an account

11

that should have been closed."). In these cases the defendants made a mistake when they pulled the respective credit reports. Defendant in the case before this Court did not make a mistake in pulling the consumer reports in question. Defendant never sought to obtain any of Plaintiff's information. Defendant never used Plaintiff's information in seeking the consumer report, but rather only used the Debtor Mary Miller's social security number, address and year of birth in order to obtain the consumer reports. In this regard, Defendant had a permissible purpose in obtaining the consumer reports in question, because it had reason to believe that pulling these reports would aid it in its collection efforts of the debts owed by Debtor Mary Miller.

Additionally, Plaintiff contends that even if Defendant had a permissible purpose in obtaining the consumer report in question, it did not have a permissible purpose to use the personal information of Plaintiff contained in the third pull, namely Plaintiff's address. Title 15 U.S.C. § 1681b(f) states "[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." Accordingly, § 1681b(f) limits not only the obtaining of a consumer report, but also its use.

As stated above, Defendant had a permissible purpose in obtaining the consumer report in question, because it pulled the report to aid in its collection efforts of the debts owed by Debtor Mary Miller.  Subsequent to obtaining the reports, Defendant used the information in an attempt to collect on these debts.  Focusing particularly on the third pull of the consumer report, Defendant was seeking a new address for the Debtor Mary Miller because Defendant was informed that the summons and complaint it sent to the New York address with regard to the 2995 Account was returned unexecuted.  Defendant subsequently confirmed that a Mary Miller lived at the Minnesota address listed in the report.  Despite the fact that the report contained information on a number of individuals, including three social security numbers, Defendant had reason to believe that use of the Minnesota address would aid in the effort to collect from the Debtor Mary Miller, given the fact that the summons and complaint sent to the New York address was returned unexecuted and the fact that Defendant had verified that a Mary Miller lived at the Minnesota address.  The reason to believe standard by its very terms denotes that there may be times when a defendant obtains and uses a credit report when a debt is not owed.  Shah v. Collecto, Inc., No. Civ. A. 2004-4059, 2005 WL 2216242, at *12 (D. Md. Sept. 12, 2005) (stating

that "by its own terms, 'reason to believe' implies that there may be instances where a debt turns out not to be valid"). Thus, despite the fact that Plaintiff did not owe the debt Defendant was seeking to collect, Defendant still had a reason to believe that use of the information contained in the consumer report pulled by supplying Debtor Mary Miller's information would aid in the collection of the debts owed by Debtor Mary Miller.

This is not a case in which Defendant knew it was using the information of a person who Defendant knew did not owe a debt. See Thomas v. U.S. Bank, N.A., No. CV 05-1725-MO, 2007 WL 764312, at *7 (D. Or. Mar. 8, 2007) (denying defendant bank's motion for summary judgment in part because plaintiff presented sufficient evidence to create a dispute of material fact about whether the bank was using the information from the credit report in an attempt to collect on a debt which it knew was not collectable, which the court stated was an impermissible purpose). Nor is this a case where Defendant was using the information from the credit reports for a clearly impermissible purpose. See Phillips, 312 F.3d at 367-68 (finding the purpose impermissible where a woman obtained her prospective son-in-law's consumer report in order to investigate him); Thibodeaux v. Rupers, 196 F. Supp. 2d 585, 586, 591-92 (S.D. Ohio 2001)

(finding an impermissible purpose where the defendant obtained a consumer report on his sister's estranged husband to investigate his finances). Rather, Defendant used the information contained in the reports in an effort to collect on the debts owed by Debtor Mary Miller. Plaintiff has not presented the Court with evidence that Defendant was aware that it had obtained or was using Plaintiff's information, or that it was using Plaintiff's information for any other reason than attempting to collect a valid debt. Although Defendant ultimately used Plaintiff's information to aid its efforts to collect the debts owed by Debtor Mary Miller, this alone does not make its purpose impermissible. Since, Defendant had reason to believe that a permissible purpose for its use of the information contained in the report existed, Plaintiff's claim under 15 U.S.C. § 1681b(f) must fail.

## IV.   CONCLUSION

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Mary Miller's Motion for Partial Summary Judgment as to Liability [Docket No. 27] is **DENIED**.

2. Defendant Rubin & Rothman, LLC's Motion for Summary Judgment [Docket No. 33] is **GRANTED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date:   September 19, 2011                                  s/ Michael J. Davis
                                                                               Michael J. Davis
                                                                               Chief Judge
                                                                               United States District Court